**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No.:

**ANNETTE BOZONIER,**

Plaintiff,

v.

**MONACO PARKWAY FEE OWNER LLC** and
**GREP SOUTHWEST LLC,**

Defendants.

---

**NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT**

---

COMES NOW, Defendants Monaco Parkway Fee Owner LLC ("Monaco Parkway") and GREP Southwest, LLC ("GREP") (together, "Defendants"), by and through their attorneys of record, Montgomery Amatuzio Chase Bell Jones LLP, and respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. As grounds, Defendants state as follows:

1. On February 14, 2020 Plaintiff filed her Complaint against TruAmerica MultiFamily LLC which she then amended, also on February 14, 2020, adding Defendant Greystar Real Estate Partners West LLC. On April 3, 2020, Plaintiff filed her Second Amended Complaint against, only, Monaco Parkway and GREP. *See* **Ex. A**, Second Amended Compl. The State Court Second Amended Complaint asserts claims against Defendants Monaco Parkway and GREP under Colorado's Premises Liability Act, C.R.S. 13-21-115, and negligence,

alleging that Plaintiff was injured when she slipped and fell on ice in the parking lot at Defendants' apartment complex. Ex. A at ¶¶ 11-12. Plaintiff's Second Amended Complaint seeks unspecified damages for her injuries, including pain and suffering. Ex. A. at ¶ 32. The Civil Case Cover Sheet, filed with the Complaint, indicates that Plaintiff is seeking damages in excess of $100,000.00, excluding interest and costs. See Ex. B at ¶ 2, Civil Cover Sheet.

2. Pursuant to 28 U.S.C. § 1332(a), this Court has jurisdiction over all civil actions between citizens of different states, provided the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). 28 U.S.C. § 1441 provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant [ ] to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). "[A] defendant seeking to remove a case to a federal court must file in the federal forum a notice of removal 'containing a short and plain statement of the grounds for removal.'" *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S.Ct. 547, 553 (2014) ("*Dart*") (quoting 28 U.S.C. § 1446(a)).

3. When removal is based on diversity of citizenship under § 1332(a), a case may not be removed if any defendant is a citizen of the forum state. 28 U.S.C. § 1441(b)(2). That is not the case here. For purposes of diversity jurisdiction under 28 U.S.C. § 1332(a)(1), state citizenship is the equivalent of domicile. *Crowley v. Glaze,* 710 F.2d 676, 678 (10th Cir. 1983). A person acquires domicile in a state when the person resides there and intends to remain there indefinitely. *Id.; see also Miss. Band of Choctaw Indians v. Holyfield,* 490 U.S. 30, 48, 109 S.Ct. 1597, 104 L.Ed.2d 29 (1989) ("[D]omicile is established by physical presence in a place in

connection with a certain state of mind concerning one's intent to remain there."). *Citing Middleton v. Stephenson,* 749 F.3d 1197, 1200 (10th Cir. 2014). Moreover, diversity of citizenship for an unincorporated entity is determined by the citizenship of all of its members. *Mgmt. Nominees, Inc. v. Alderney Investments, LLC*, 813 F.3d 1321, 1324 (10th Cir. 2016) ("…in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members" (internal citations omitted)). The diversity requirement of § 1332(a) is satisfied here:

a. Plaintiff was a resident and citizen of Colorado at the time of the incident. Ex. A ¶ 1. To our knowledge, Plaintiff intends to remain a resident and citizen of Colorado indefinitely.

b. Defendant Monaco Parkway Fee Owner, LLC is a Delaware limited liability company in good standing to do business in the State of Colorado, with a principal place of business located at 10100 Santa Monica Blvd., Los Angeles, CA 90067. See **Ex. C,** Colorado Secretary of State Summary. The members of Monaco Parkway Fee Owner, LLC include Monaco Parkway Land Partners, with its principal place of business in Los Angeles, CA; Monaco Parkway Manager, with its principal place of business in Los Angeles, CA; Allstate Life Insurance Company, with its principal place of business in Chicago, Illinois; and, Guardian Lowry, LLC with its principal place of business in New York City, New York.

c. Defendant GREP Southwest, LLC is a Delaware limited liability company in good standing to do business in the State of Colorado, with its principal place of business located at 465 Meeting Street, Suite 500, Charleston, SC 29403. See **Ex. D**, Colorado

Secretary of State Summary. The sole member of GREP Southwest, LLC is Greystar Management Services, L.P., which was formed in Delaware and whose principal place of business is in Charleston, SC.

Since all parties are diverse, and neither Defendant is a citizen of the forum state, this matter is removable pursuant to 28 U.S.C. § § 1332(a) and 1441(b).

4. The amount in controversy requirement of § 1332(a) is satisfied when the allegations in the Complaint, along with the Civil Case Cover Sheet, satisfy the jurisdictional requirement. "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart*, 135 S.Ct. at 549. The U.S. District Court for the District of Colorado has held the jurisdictional requirement of § 1332(a) is met when a plaintiff indicates on the Civil Case Cover Sheet she is seeking a monetary judgment of more than $100,000.00. *Henderson v. Target Stores*, 431 F.Supp. 2d 1143, 1144 (D.Colo. 2006) (holding that "the civil case cover sheet falls within the term "other paper" for determining the time within which removal papers must be filed."). Further, in *Vargas v. Nash-Finch Co.*, the Colorado District Court held that the jurisdictional requirement is met when a plaintiff indicates on the Civil Case Cover Sheet that "she is seeking a monetary judgment for more than $100,000.00," and claims damages for serious injuries including surgery, physical and mental suffering, and loss of enjoyment of life. *Vargas v. Nash-Finch Co.*, No. 10-CV-00259-CMA, 2010 WL 582135 at *2 (D.Colo. Feb. 11, 2010). The Tenth Circuit Court of Appeals agreed with this reasoning, and in *Paros Properties LLC v. Colorado Casualty Insurance Company* found that civil case cover sheets are an unambiguous assertion by an officer of the court regarding a matter of significant

consequence and therefore provide sufficient "other paper" to put a defendant on notice concerning the amount in controversy. *Paros Properties LLC v. Colorado Casualty Insurance Company*, 835 F.3d 1264, 1272 (10th Cir. 2016).

5. Here, the initial pleadings establish the basis for removal. Plaintiff indicated on the Civil Case Cover Sheet she is seeking a monetary judgment over $100,000. The Complaint alleges that Plaintiff suffered serious injuries and damages including "past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable necessary medical expenses including, but not limited to physician hospital, diagnostic testing and imaging, physical therapy, orthopedic, surgical intervention, prescription medications, and other expenses." **Ex. A**, ¶ 55. She further alleges damages for "permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of her time, loss of enjoyment of life, and other non-economic damages…" *Id.* at ¶ 56. Based on Plaintiff's damages election in excess of $100,000 in the Civil Case Cover Sheet, and the alleged serious nature of Plaintiff's unspecified economic and noneconomic damages pled in the Complaint, the jurisdictional requirement of §1332(a) is satisfied.

6. Alternatively, this Court has found a plaintiff's "valuation of the case is relevant evidence of the amount in controversy, as it reflects a reasonable estimate of the Plaintiff's claim." *Levings v. Interstate Distributor Co.*, No. 10-CV-02384-JLK-MEH, 2010 WL 5072021 at *3 (D.Colo. Dec. 7, 2010) (citing *McPhail v. Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008)). "The amount in controversy is not proof of the amount the plaintiff will recover . . . it is an estimate of the amount that will be put at issue in the course of the litigation." *McPhail v.*

*Deere & Co.*, 529 F.3d 947, 956 (10th Cir. 2008). Accordingly, defendants may use documents that show a plaintiff's estimate of his claim as a way to support a notice of removal. *Id.* Additionally, the *Levings* court found that damages allegations "in the form of medical bills . . . loss of wages, and lost earning capacity, disability, [and] impairment . . . present a combination of facts and a theory of recovery that may support a claim in excess of $75,000." *Levings*, 2010 WL 5072021 at *3 (D.Colo. Dec. 7, 2010). Here, Plaintiff's allegations of continuing disability, permanent impairment, disfigurement, economic and non-economic damages, pain and suffering, and past medical treatment arising out of the alleged incident will likely exceed $75,000.

7. The timing for removal is controlled by § 1446(b), which provides:

> [t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.

28 U.S.C. § 1446(b). The *Vargas* court held that the removal period begins when a "defendant is able to 'intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts.'" *Vargas*, 2010 WL 582135 at *1 (quoting *Huffman v. Saul Holdings Ltd. Partnership*, 194 F.3d 1072, 1078 (10th Cir. 1999)). Plaintiff served her Second Amended Complaint by Waiver of Service to undersigned counsel on April 15, 2020. See **Ex. E**, Waiver of Service of Process. Thus, this Notice of Removal is timely as Defendants have filed for removal within the time period specified by the applicable statute and F.R.C.P. 6(a), after service of the initial pleading, which provided Defendants with sufficient information to ascertain removability.

8. Pursuant to 28 U.S.C. § 1446(d), Defendants will promptly serve Plaintiff, and all parties who have entered an appearance, with written notice of the filing of this Notice of Removal and file a copy in the appropriate state court.

9. The documents required by D.C.Colo.LCivR 81.1 and § 1446(a) and which have been filed in this matter in Denver District Court, State of Colorado, are attached to this Notice of Removal as specifically-referenced exhibits, and the current docket sheet is being filed simultaneously under separate cover. Defendants will also separately file each pending motion, petition, and related response, if any.

10. Pursuant to D.C.Colo.LCivR 81.1, Defendants represent that no motion hearings are currently set in the state court action and no trial date has been set.

11. No other Defendant in this matter has entered an appearance or otherwise responded to the Complaint

12. By filing this Notice of Removal, Defendants Monaco Parkway Fee Owner, LLC and GREP Southwest, LLC do not waive any defenses that may be available to them.

Respectfully submitted May 6, 2020,

MONTGOMERY AMATUZIO
CHASE BELL JONES, LLP

By: */s/ Marianne LaBorde*
Marianne LaBorde
4100 E. Mississippi Ave, 16th Floor
Denver, Colorado 80246
Telephone: (303) 592-6600
Fax: (303) 592-6666
mlaborde@mac-legal.com

ATTORNEYS FOR DEFENDANTS
MONACO PARKWAY FEE OWNER LLC
and GREP SOUTHWEST LLC

## CERTIFICATE OF SERVICE

I hereby certify that, on May 7, 2020, a true and correct copy of the foregoing **NOTICE OF REMOVAL TO UNITED STATES DISTRICT COURT** was prepared for service to the following in the manner indicated below:

*Counsel for Plaintiff:*
Nathan T. Mattison, Esq.
Robert R. Harper, Esq.
Law Offices of Dianne Sawaya, LLC
4500 Cherry Creek Drive South, Suite 100
Denver, CO 80246
NMattison@DLSLawFirm.com
RHarper@DLSLawFirm.com

☐ U.S. Mail ☒ E-mail ☐ ECF

*s/ Lisa M. Gruning*
[Signature on File: Lisa M. Gruning]