| | |
|---|---|
| **DISTRICT COURT, DENVER COUNTY, COLORADO**<br>1437 Bannock Street<br>Denver, CO 80202 | DATE FILED: April 3, 2020 1:56 PM<br>FILING ID: 2D0D79899FF18<br>CASE NUMBER: 2020CV30622 |
| Plaintiff: **ANNETTE BOZONIER**<br><br>v.<br><br>Defendants: **MONACO PARKWAY FEE OWNER LLC AND GREP SOUTHWEST LLC** | **COURT USE ONLY** |
| **Attorneys for Plaintiff:**<br>Nathan T. Mattison, #38627<br>Law Offices of Dianne Sawaya, LLC<br>4500 Cherry Creek Drive South, Suite 1030<br>Denver, CO 80246<br>Phone Number: (303) 758-4777<br>Fax Number: (303) 758-4779<br>E-mail: nmattison@dlslawfirm.com | Case Number: 20CV030622<br><br>Division: 409 |

# SECOND AMENDED COMPLAINT

The Plaintiff, Annette Bozonier, by and through her counsel Nathan T. Mattison at the Law Offices of Dianne Sawaya, LLC, states and alleges for her Second Amended Complaint against Defendants Monaco Parkway Fee Owner LLC and GREP Southwest LLC as follows:

## IDENTIFICATION OF PARTIES

1. Upon information and belief, at all times relevant hereto, Annette Bozonier (hereinafter "Plaintiff"), is a resident of the State of Colorado, with an address of 6790 E. Cedar Ave., Denver, Colorado 80224.

2. Upon information and belief, and at all times relevant herein, Defendant, Monaco Parkway Owner LLC, (hereinafter "Defendant Monaco") was the owner of the real property upon which Plaintiff was injured and was and is a foreign Limited Liability Corporation in good standing with the State of Colorado, with its principal place of business located at 10100 Santa Monica Blvd., Suite 400, Los Angeles, CA 90025, that, at all times material hereto,

owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the parking lot/walkway and/or property, at the time of the incident giving rise to this action upon which Plaintiff fell and suffered injuries.

3. Defendant Monaco Parkway Fee Owner LLC's registered agent is Corporation Service Company, located at 1900 W. Littleton Boulevard, Littleton, CO 80120.

4. Upon information and belief, and at all times relevant herein, Defendant, GREP Southwest, LLC (hereinafter "Defendant GREP") was the property manager of the real property upon which Plaintiff was injured and was and is a foreign Limited Liability Corporation in good standing with the State of Colorado, with its principal place of business located at 465 Meeting Street, Suite 500, Charleston, SC 29403, that, at all times material hereto, owned, operated on, conducted activities upon, serviced, managed, repaired, cleaned, or otherwise controlled the parking lot/walkway and/or property, at the time of the incident giving rise to this action upon which Plaintiff fell and suffered injuries.

5. Defendant GREP Southwest, LLC's registered agent is the CT Corporation System located at 7700 E. Arapahoe Road, Suite 220, Centennial CO 80112.

## VENUE AND JURISDICTION

6. The incident giving rise to this action occurred on February 16, 2018, on the real property that is commonly referred to as Lex at Lowry, and more specifically known by the street address of 240 S. Monaco Pkwy in Denver, Colorado (hereafter "Property").

7. Jurisdiction is proper pursuant to Article 6 § 9 of the Colorado State Constitution.

8. Venue is proper in the county of Denver, State of Colorado pursuant to C.R.C.P. 98 because the tort in question occurred in Denver County.

## GENERAL ALLEGATIONS

9. Plaintiff hereby incorporates by reference paragraphs above as if fully set forth herein.

10. Defendant Monaco Parkway Fee Owner LLC and Defendant GREP Southwest, LLC will be referred to collectively as Defendants.

11. The incident giving rise to this action occurred in the morning on February 16, 2018, at which time Plaintiff was an invitee lawfully on the Property owned, operated, managed, or otherwise concerning activities under the legal responsibility of Defendants.

12. On the date of the incident, it was approximately 8:10 a.m. when Plaintiff was walking to her car and fell on ice that had not been cleared from the parking lot.

13. While she lay injured in the parking lot, she saw and called to a Lex at Lowry maintenance

man, but he did not respond.

14. A neighbor found her and called an ambulance; she was transported to Rose Medical Center.

15. A verbal report was made to Lex at Lowry management.

16. At the time of the incident, the temperature was 19 degrees. It had snowed the night before, but no snow removal efforts had been made and no ice melt had been put down, nor was there evidence of any ice mitigation efforts.

17. On said date and time, Plaintiff was walking in an area which was owned, operated, managed, serviced, maintained, acted upon, or controlled by Defendants.

18. Plaintiff directly and proximately suffered and sustained injuries, damages, and losses.

19. Plaintiff is the proper party to bring this claim.

20. Defendants had a duty to keep the premises free from dangerous conditions, including the accumulation ice.

21. Defendants, through reasonable inspection and monitoring, knew or should have known that ice in the parking lot and/or walkways could cause its invitees to fall and sustain injuries.

22. Defendants knew or should have known that that ice in the parking lot and/or walkways both existed and created a dangerous condition.

23. Defendants negligently and without due regard for the safety of others, allowed a known dangerous condition to exist and created a hazard to Plaintiff and others.

24. Defendants failed to place adequate warning or caution signs, warning or notification device in the area to protect lawful invitees from ice in the parking lot and/or walkways in which Plaintiff fell.

25. Defendants failed to inspect, warn, caution, or properly maintain, or otherwise prevent the accumulation of ice on/in the parking lot/walkway.

26. At all times relevant herein, the Defendants were responsible for maintaining the premises, including but not limited to the parking lot, in a reasonably safe condition so that invitees, tenants, employees, customers, and visitors to the Property therein would not be injured due to, among other things, ice in the parking lot and/or walkways existing on the premises.

27. At all times relevant herein, Plaintiff acted reasonably under the circumstances and was not comparatively at fault.

28. At all times relevant herein, Plaintiff mitigated his damages.

29. As a result of the February 16, 2018, slip and fall, Plaintiff sustained severe and permanent injuries, damages, and losses, including but not limited to a spiral fracture of her left fibia requiring surgery including 6 screws.

30. As a result of the incident giving rise to this action, Plaintiff incurred reasonable and necessary past and future medical expenses and other economic expenses and damages.

31. As a result of the February 16, 2018, slip and fall, Plaintiff has incurred economic damages including past and future medical expenses including, but not limited to, emergency care, hospital care, physician charges, surgical care, diagnostic testing and imaging, physical therapy and other therapeutic needs to treat the injuries he sustained, as well as lost past and future income, costs of transportation to and from medical providers, and other economic damages.

32. As a result of the February 16, 2018, slip and fall, Plaintiff suffered mental anguish, pain and suffering, permanent disability, loss of enjoyment of life, and other non-economic damages.

**FIRST CLAIM FOR RELIEF**
**(C.R.S. §13-21-115 Against All Defendants)**

33. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

34. Plaintiff was an invitee of Defendant as that term is contemplated by C.R.S. §13-21-115.

35. At the time and place of the incident indicated above, Plaintiff was an invitee of the Defendants, which on information and belief had common-law and contractual duties to Plaintiff to allow Plaintiff to enter and remain on a safe and non-hazardous premises. It was Defendants' express representation that Plaintiff was intended to enter or remain on such premises.

36. At the time and place of the incident indicated above, Defendants were a statutory or actual "landowner" within the meaning of C.R.S. §13-21-115 and were legally responsible for the condition of the premises where Plaintiff fell.

37. At the time and place of the incident indicated above, Defendants, as statutory or actual "landowners" were legally responsible for the condition of the real property, as well as for the activities conducted or circumstances existing on the aforementioned real property, within the meaning of C.R.S. §13-21-115 and Plaintiff was an "invitee" of Defendants as he was a person who entered or remained on or near the premises to transact business in which the parties were mutually interested, within the meaning of C.R.S. §13-21-115.

38. Defendants, as a direct and proximate result or substantial factor in bringing or causing

Plaintiff's injuries, damages, and losses as described above, are liable for its actions, omissions, and inactions and for those of any maintenance company, cleaning company, snow removal company, known or unknown, partner, contractor, subcontractor, agent, servant, successor, predecessor, heir, assign or volunteer.

39. Defendants are liable to Plaintiff as an invitee, for damages and injuries sustained by the Plaintiff which were caused by the Defendants and any partner, agent, servant, contractor, subcontractor, maintenance company, cleaning company, snow removal company, or volunteer for the unreasonable failure to exercise reasonable care to protect against the dangers of which were known or should have been known pursuant to C.R.S. §12-21-115(3)(c).

40. Defendants had a duty to Plaintiff to use reasonable care to protect Plaintiff against dangers which the Defendants knew or should have known existed at the time Plaintiff was injured.

41. Defendants either knew or should have known of the dangers created by the presence of ice in the parking lot and/or walkways.

42. Upon information and belief, Defendants were given direct or actual notice multiple times by other residents of the community, regarding their improper maintenance and clearing of ice in the parking lot/walkway.

43. Despite this notice, Defendants failed to adequately clean, maintain, service, and keep safe its walkways and parking lot from the ice.

44. Defendants should have taken reasonable measures, such as inspecting and maintaining its premises, placing adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, or sweeping, clearing, removing the ice, and/or engaging in reasonable ice mitigation efforts, thereby preventing the formation of ice and diminishing the likelihood of invitees from slipping and falling and injuring themselves in the area.

45. Defendants were negligent when the Defendants, their employees, and/or agents failed to use reasonable care to prevent the injuries, damages, and losses to Plaintiff.

46. Defendants had a duty to warn and protect Plaintiff from the condition that existed on February 16, 2018.

47. Defendants failed to properly "warn" or "caution" Plaintiff of the danger caused by the ice in the parking lot/walkway.

48. Defendants had actual or constructive knowledge of the dangerous condition and failed to take appropriate abatement measures to protect invitees from the known dangerous conditions on the premises owned, maintained, controlled, and used by Defendants.

49. Upon information and belief, Defendants were given actual notice multiple times prior to Plaintiff's fall about the ice yet Defendants failed to correct this defect.

50. At the time of the incident and at all other times relevant hereto, Defendants owned and/or controlled and/or were responsible for maintenance and/or conducted activities on the premises where Plaintiff fell.

51. At the time of the incident and at all other times relevant hereto, a condition existed on the premises, which created an unreasonable risk of injury and/or damages to persons such as Plaintiff.

52. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which it actually knew or should have known directly and proximately caused Plaintiff's injuries, damages, and losses.

53. The conduct of Defendants and its agents, officers, and employees was an unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known as contemplated by C.R.S. §13-21-115. As a direct and proximate result of Defendants' negligence and careless conduct, Plaintiff incurred injuries, damages, and losses.

54. The employees and/or agents of the Defendants were acting in the course and scope of their employment and/or agency with Defendants.

55. As a direct and proximate result of Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which they knew or should have known, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, physician, hospital, diagnostic testing and imaging, physical therapy, orthopedic, surgical intervention, prescription medications, and other expenses.

56. Defendants' unreasonable failure to exercise reasonable care to protect against dangers of which it knew or should have known directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

57. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

## **SECOND CLAIM FOR RELIEF**
## **(NEGLIGENCE Against All Defendants)**

58. Plaintiff hereby incorporates by reference and makes a part of this Claim for Relief all previous paragraphs of Plaintiff's *Complaint*.

59. In the alternative to Plaintiff's claim under C.R.S. §13-21-115, above, Plaintiff brings suit under negligence.

60. At all times relevant hereto, Defendants owned, operated, maintained, controlled, serviced, cleaned, managed or otherwise acted upon/conducted activities upon the aforementioned premises.

61. To the extent that Defendants are not landowners, the failure to correct a dangerous condition, such ice on the parking lot/walkway on the date of the incident, still imposes liability as they acted unreasonably and were negligent in that process, as seen from the below allegations.

62. Defendants owed a duty to Plaintiff and breached that duty by failing to exercise reasonable care to prevent foreseeable injury to Plaintiff, by negligent act or omission, by, in and among other things, failing to inspect and maintain the premises, failing to remove, failing to place adequate "caution" or "warning" signs, cones, tape, or other restrictive devices around the area, securing and/or warning patrons about the ice so as to prevent invitees/persons from slipping and falling and injuring themselves in the area, in a reasonably prudent manner so as to avoid causing harm or injury to Plaintiff.

63. As a direct and proximate result of Defendants' negligence and careless conduct, and failure to exercise reasonable care, Plaintiff incurred injuries, damages, and losses.

64. As a direct and proximate result of Defendants' failure to exercise reasonable care, Plaintiff incurred past and future economic losses, including but not limited to, loss of earnings, impairment of earning capacity, loss of home services, costs of transportation to and from medical providers, and reasonable and necessary medical expenses including, but not limited to, physician, hospital, diagnostic imaging and testing, physical therapy, surgical intervention, orthopedic care, prescription medications, and other expenses.

65. Defendants' failure to exercise reasonable care directly and proximately caused Plaintiff permanent physical impairment and/or disfigurement, as well as past and future pain and suffering, loss of the value of his time, loss of enjoyment of life, and other non-economic damages. Plaintiff will be prevented from engaging in certain social and recreational activities normal to his lifestyle prior to this incident and will otherwise be prevented from participating in and enjoying the benefits of a full and complete life.

66. Accordingly, Plaintiff seeks general and special damages from Defendants as a consequence of the injuries and damages suffered as a result of Defendants' negligent conduct, actions, and omissions on the occasion in question.

**WHEREFORE**, the Plaintiff prays for judgment against Defendants as set forth below:

Plaintiff requests that judgment be entered in favor of the Plaintiff and against the Defendant in an amount to fairly compensate his for the injuries as set forth above, court costs, expert witness fees, statutory interest from the date this cause of action accrued or as otherwise permitted under Colorado law and for such other and further relief as the Court deems just and proper and/or Plaintiff prays for the following relief including and without limitation:

i) For an amount which will reasonably compensate Plaintiff for past, present and future economic loss.

ii) For an amount which will reasonably compensate Plaintiff for medical expenses, past and future.

iii) For an amount which will reasonably compensate Plaintiff for permanent limitation, injuries, and/or disfigurement, limitations and or disabilities of the body and/or mind.

iv) For any amount which will reasonably compensate Plaintiff for pain and suffering, past and future.

v) For an amount which will reasonably compensate Plaintiff for loss of enjoyment of life and/or the capacity of life and emotional distress.

vi) For interest as provided by Statute from the date of the incident which forms the basis of the *Complaint* to the date of verdict or judgment, and for costs and fees incurred in the prosecution of the matter and for any other and further relief as the Court may deem just.

Dated: April 3, 2020

Respectfully Submitted,

**Law Offices of Dianne Sawaya, LLC**

*By: s/ Nathan T. Mattison*______________
Nathan T. Mattison, Esq. #38627
*Attorney for Plaintiff*