IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 20-cv-01280-PAB

ANNETTE BOZONIER,

      Plaintiff,

v.

MONACO PARKWAY FEE OWNER LLC, and
GREP SOUTHWEST LLC,

      Defendants.

---

## ORDER

---

      This matter is before the Court on plaintiff's Motion to Remand [Docket No. 13].[1]

Plaintiff asserts that defendants' removal was not timely under 28 U.S.C. § 1446(b)(1)

and, therefore, plaintiff asks that the Court remand the action to Denver District Court,

where the action was originally filed, pursuant to  28 U.S.C. § 1447.  Docket No. 13 at

4.  This motion requires the Court to determine when the thirty-day time limit in § 1446

begins to run.  *Id.*

      Plaintiff filed this action in Denver District Court on February 14, 2020 naming as

defendants TruAmerica Multifamily LLC ("TruAmerica") and Greystar Real Estate

Partners West LLC ("Greystar West").  *Id.* at 1.  Plaintiff served Greystar West through

its registered agent on February 19, 2020 and "personally served" TruAmerica through

its registered agent on February 27, 2020.  *Id.* at 1–2.  On March 19, 2020, defense

---

[1] Plaintiff's motion does not include a statement of conferral as required by D.C.COLO.LCivR 7.1(a).

counsel contacted plaintiff's counsel to request an extension of time to answer the complaint until March 30, 2020, which the court granted. *Id.* at 2. On March 30, 2020, defense counsel again contacted plaintiff's counsel, explained that plaintiff had named the wrong entities in the complaint, and provided "the proper Defendants along with a Management Agreement substantiating the Defendants." *Id.* Plaintiff's counsel explained to defense counsel that he would file an amended complaint naming Monaco Parkway Fee Owner LLC ("Monaco Parkway") and Greystar Southwest LLC ("GREP Southwest") as defendants in place of TruAmerica and Greystar West. *Id.* Defense counsel agreed to waive service of the new defendants. *Id.* Plaintiff filed the amended complaint on April 3, 2020 with allegations identical to the previous complaint and emailed the amended complaint to defense counsel on April 8, 2020. *Id.* Plaintiff states that she sent the amended complaint and waiver of service to the same defense counsel who asked for the extension on March 19, 2020. *Id.* Defense counsel formally waived service on April 15, 2020. *Id.* On May 6, 2020, defendants Monaco Parkway and GREP Southwest removed the case. *Id.*

In general, "[t]he notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based." 28 U.S.C. § 1446(b)(1). The thirty-day clock under § 1446(b) "does not begin to run until the plaintiff provides the defendant with 'clear and unequivocal notice' that the suit is removable." *Paros Props. LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264, 1269 (10th Cir. 2016). Formal service – not mere receipt of the

complaint – is required to trigger the thirty-day period for removal. *Murphy Bros. v. Michetti Pipe Stringing*, 526 U.S. 344, 347 (1999).

Plaintiff insists that, "[w]here a defendant should clearly ascertain from circumstances and original complaint [sic] that case [sic] is removable . . . a defendant must remove, if at all, within 30 days receipt of the complaint and the only time extensions are [sic] allowed by § 1446(b) is [sic] for cases where removabiltiy cannot be ascertained until defendant receives subsequent information from plaintiff." Docket No. 13 at 5. Here, plaintiff insists that the "only alteration" between the original complaint and the amended complaint was the formal name of the parties and that, therefore, the grounds for removal were unambiguous when the original complaint was filed. *Id.*

Plaintiff states that, because Greystar West is "understood to be the same entity as GREP Southwest," but merely "changed its name" to GREP Southwest, as defense counsel explained in the Mach 30 communications, GREP should have removed, if at all, no later than March 19, 2020, which is 30 days after Greystar West was served. *Id.* Plaintiff claims that "where a defendant is misnamed and the defendant is aware that it was misnamed, the Courts have generally been unresponsive to extending the initial thirty period [sic] for removal." *Id.* at 6. Plaintiff also cites Rule 15(c) of the Colorado Rules of Civil Procedure, which states that an amendment changing parties' names "relates back" if the defendant has received notice of the commencement of the action such that he will not be prejudiced in maintaining his defense on the merits and knew or should have known that, but for a mistake concerning the identity of the property party, the action would have been brought against him. *Id.*

3

Defendants insist that the removal period "does not begin to run until the defendant is able to intelligently ascertain removability so that in his petition for removal he can make a simple and short statement of the facts."  Docket No. 16 at 3 (quoting *Huffman v. Saul Holdings Ltd. P'Ship*, 194 F.3d 1072, 1078 (10th Cir. 1999)) (internal quotation omitted).  "Ascertain," defendants argue, means determining with certainty that a particular matter is removable.  *Id.*  Therefore, because plaintiff's original complaint "named distinct and independent entities from the current Defendants," rather than misnomers, it was therefore not until plaintiff named GREP Southwest and Monaco Parkway that defendants had "the jurisdictional ability to ascertain the removability of the case and standing to do so."  *Id.* at 2.  Further, defendants explain that GREP Southwest and Greystar West are not "understood" to be the same entity.  *Id.* at 5.  Rather, the entities are factually distinct and both still exist.  *Id.*  Defendants also argue that because the defendants named in the original complaint were not simply misnomers, Rule 15(c) is not relevant.  *Id.* at 9.

While plaintiff tries to claim that this is a misnomer case, plaintiff is mistaken.  Plaintiff claims that where a defendant is misnamed and the defendant is aware that it was misnamed, courts have been unresponsive to extending the thirty-day removal period.  Docket No. 13 at 6.  While this may be true, Greystar West and GREP Southwest are not mere misnomers; rather, they are separate legal entities that still exist.  Docket No. 16 at 5–6.

Defendants rely principally on *Hersh v. Econ. Premier Assur. Co.*, No. 09-cv-00782-CMA-MJW, 2009 WL 2762728 (D. Colo. Aug. 25, 2009).  *Id.* at 3.  The plaintiff

4

there thought that her uninsured motorist insurer was MetLife when in fact it was defendant.  The plaintiff served MetLife with a summons and copy of the complaint, and MetLife informed her that she had named the wrong entity.  *Hersh*, 2009 WL 2762728, at *1.  The plaintiff then filed an amended complaint, and the defendant removed the action.  *Id.*  The court denied the plaintiff's motion to remand because the plaintiff ignored the distinction between MetLife and the defendant.  *Id.*  The court held "[t]he fact that MetLife is affiliated with Defendant does not mean that service of process on MetLife equates to service of process on Defendant," as "[t]he two companies are separate legal entities established under the laws of different states and Plaintiff has not presented any evidence that would allow this Court to disregard their distinct corporate form in this case."  *Id.* at *2.  Therefore, the defendant in *Hersh* could not have removed before it was named instead of MetLife.  *Id.*

The Court is persuaded by Judge Arguello's reasoning in *Hersh*.  As in *Hersh*, the defendants in this case are separate legal entities established under the laws of different states.  Docket No. 16 at 5.  Similarly, as in *Hersh*, plaintiff did not merely misname defendant; rather, she served a completely different entity.  *Id.* at 8 (citing *Hersh*, 2009 WL 2762728, at *3).  As a result, unless GREP Southwest intervened in the state-court case, it could not have removed the action "until it had been named as a defendant and served with process," *see Hersh*, 2009 WL 2762728, at *2, even though Greystar West had been served.  For the same reason, as in *Hersh*, substitution would have been inappropriate.  Finally, the court in *Hersh* held that even though the defendant's attorney advised the plaintiff of the correct name of defendant and

accepted service on behalf of the correct defendant, the removal deadline had not begun. *Id.* at *1–*3 ("The Court is even more hesitant to adopt Plaintiff's position under the facts of this case because Plaintiff had not named Defendant in the operative pleading at the time Plaintiff contends the removal clock should have started ticking.").

Therefore, because defendants did not receive the complaint, and, thus, did not have access to the complaint, until April 15, 2020,[2] defendants' notice of removal was timely.

For the foregoing reasons, it is

**ORDERED** that Plaintiff's Motion to Remand to State Court [Docket No. 13] is **DENIED**.

DATED February 16, 2021.

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge

_____

[2] If plaintiff believes that the thirty-day countdown began when she filed the amended complaint on April 3, 2020, or when she emailed the amended complaint to defense counsel on April 8, 2020, she is mistaken. *Hersh*, 2009 WL 2762728, at *4 ("To the extent that Plaintiff contends the date on which removability begins to run is the date that Plaintiff provided Defendant with a courtesy copy of the original complaint . . . she is wrong . . . . Plaintiff ignores the fact that the Supreme Court rejected almost this exact same argument in *Murphy Bros*. [And] if Plaintiff were correct, Defendant would be forced to remove the lawsuit before any defendant had been served. Such a result is not what Congress intended in drafting section 1446(b).").